UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



-------------------------------------------------------

ANAIS PEREZ-VILLEGAS,

          Plaintiff,

      - against -

CITY OF NEW YORK,
NEW YORK CITY POLICE DEPARTMENT,
RAYMOND KELLY, Commissioner of the NYC Police
Department, and
SERGEANT N. MOLE,
all being sued in their individual and professional capacities,

          Defendants.

**COMPLAINT**
Jury Demand

CHEN, J.

-------------------------------------------------------X

Plaintiff ANAIS PEREZ-VILLEGAS, by her attorneys CRONIN & BYCZEK, LLP,
complaining of defendants CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, and
SERGEANT N. MOLE, each being sued in their individual and official capacities as employees
of the CITY, allege, upon information and belief, that:

## NATURE OF ACTION

1. This is an action for equitable relief and money damages on behalf of plaintiff ANAIS
PEREZ-VILLEGAS, (hereinafter referred to as "Plaintiff") who was, and who is
prospectively deprived of her statutory and constitutional rights as a result of the defendants'
policies and practices of discrimination based upon her gender, hostile work environment
and retaliation. Said policies were implemented under color of law.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and 2202 to
secure protection of and to redress deprivation of rights secured by:

1

    a.  Title VII of the Civil Rights Act of 1964 (hereinafter referred to as "Title VII") providing for injunctive and other relief against discrimination in employment on the basis of gender;

    b.  The Civil Rights Act of 1871, 42 U.S.C. § 1983, providing for the protection of all persons in their civil rights and the redress of deprivation of rights under color of law;

    c.  The unlawful employment practices, violations of plaintiff's civil rights and tortious acts complained of herein were committed within the Eastern District of New York.

3.  The pendent jurisdiction of the federal district court is invoked with respect to the plaintiff's claims under New York State Executive Law § 296; and New York City Administrative Code § 8-502 and § 8-102, pursuant to 28 U.S.C. § 1367, because the entire action before the court comprises one constitutional and civil rights case, and the claims arise out of the same common nucleus of facts and are such that the plaintiff would ordinarily be expected to try them in one judicial proceeding.

## PLAINTIFF

4.  Plaintiff is a female Hispanic citizen of the United States of America and is over twenty-one (21) years of age, a resident of the Borough of Queens, State of New York and is an employee of defendant CITY OF NEW YORK (hereinafter referred to as the "CITY") more specifically the NEW YORK CITY POLICE DEPARTMENT (hereinafter referred to as the "NYPD"). For the purposes of this litigation, NYPD may be used interchangeably with Defendant CITY to identify the employer which is Defendant CITY.

## DEFENDANTS

5.  Defendant CITY OF NEW YORK ("CITY") is a municipal entity created and authorized under the laws of the CITY and State of New York. CITY is authorized by law to maintain a Police Department ("NYPD") that acts as its agent and for which it is ultimately responsible.

6.  Defendant CITY is an employer as defined in Title VII, employing more than fifteen (15) employees, and is engaged in an industry affecting commerce.

7.  Defendant NEW YORK CITY POLICE DEPARTMENT ("NYPD") operates under the direct authority of the CITY and is the official CITY agency and maintains control offices at One Police Plaza, New York, New York.

8.  Defendant RAYMOND KELLY ("KELLY") was at all relevant times the Commissioner of the NYPD and is sued in his individual and official capacity.

9.  Defendant SERGEANT N. MOLE ("MOLE"), a white male, was at all relevant times a Sergeant for the New York City Police Department and is acting in such capacity at all times relevant herein. Defendant MOLE was at all relevant times Plaintiff's supervisor and is sued in his individual and official capacity.

## PROCEDURAL REQUIREMENTS

10. Plaintiff has filed suit with this Court within the applicable statute of limitations period.

11. Plaintiff is not required to exhaust any administrative procedures prior to suit under the Civil Rights Act of 1871.

12. On or about January 18, 2012, Plaintiff submitted a complaint with the EEOC under charge number 520-2012-00985.

13. On or about May 30, 2013, Plaintiff received a Notice of Right to Sue letter from the EEOC (Exhibit "A").

## FACTUAL BACKGROUND

14. Plaintiff PEREZ-VILLEGAS is a Hispanic female who complained of gender discrimination, harassment, hostile work environment and retaliation. Said information was known to all defendants.

15. Plaintiff PEREZ-VILLEGAS is employed by the CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT. Her date of appointment was July 8, 2008.

16. At all times relevant herein, Plaintiff was assigned to the 75th Precinct, located at 1000 Sutter Avenue, Brooklyn, New York.

17. Plaintiff has been subjected to a continuing pattern and practice of discrimination and hostile work environment based upon her gender and in retaliation for complaining about defendants' discriminatory actions and other wrongdoings.

18. Plaintiff asserts that the defendants engage in a pattern and practice of discrimination against Hispanics and other minority officers and against women.

19. Defendant MOLE made numerous derogatory, crude and harassing comments to Plaintiff, as well as making crude and vulgar drawings in Plaintiff's "activity log" (hereinafter referred to by its colloquial term "memo book").

20. Additionally, after complaining of Defendant MOLE's discriminatory, harassing and hostile conduct, Plaintiff was retaliated against by Defendant MOLE.

21. In or about April of 2011, Defendant MOLE wrote the words "Fuck you" in Plaintiff's memo book, with the "k" shaped as a penis.

4

22. On or about May 28, 2011, Defendant MOLE drew an arrow pointing at a penis which he had drawn in Plaintiff's memo book. Plaintiff was embarrassed, ashamed and feared that her supervisor would see the crude and disgusting drawing when inspecting Plaintiff's memo book. She therefore attempted to scribble out the drawing.

23. The next day, Defendant MOLE again wrote in Plaintiff's memo book, this time drawing an arrow pointing to where he had written "I love hairy balls."

24. The same day, at approximately 8:24 a.m., Plaintiff found the words "kiss Hopper on ass" in her memo book, along with arrows pointing to the drawing of a penis. Again, Plaintiff attempted to scribble the drawings and words out, so she would not get into trouble.

25. Also on the same day, Plaintiff found written in her memo book "0900-lick hairy balls."

26. On or about May 30, 2011, Plaintiff discovered the words "1000-scratch ass" and "1100-sgt ball sack" in her memo book.

27. In May or June of 2011, while Plaintiff was working at the 75th Precinct, Defendant MOLE told her "Sergeant Marchello asked me if you play around." A few minutes earlier, Sergeant Marchello had walked past Plaintiff without saying a word. It is Plaintiff's belief that Sergeant Marchello did not in fact ask that of Defendant MOLE, and that Defendant MOLE fabricated it in order to start a relationship with Plaintiff, despite knowing that she is married.

28. Defendant MOLE attempted to have Plaintiff transferred to his tour (4 p.m. to 12 a.m.), to which Plaintiff told him that said tour was not convenient due to her family obligations to her children.

29. On or about June 14, 2011, Defendant MOLE began sending harassing and threatening text-messages to Plaintiff.

30. The text-messages referred to Plaintiff as "loser," said "fuck u" and "we will c when ur in my squad."

31. Plaintiff refused to respond to the text-messages.

32. On or about June 17, 2011, at approximately 4:58 p.m., Plaintiff received a text-message from Defendant MOLE saying "fuck u i txt u yesterday."

33. On or about June 19, 2011, Plaintiff received text-messages from Defendant MOLE asking "who u wkg with," and saying "I am doing a day tour tomorrow look out." Plaintiff responded "n y u doin a day tour" – to which Defendant MOLE sent back "2 fuck u over."

34. On or about June 25, 2011, at about 9:04 p.m., Defendant MOLE sent a text-message to Plaintiff stating "I am so glad they passed this bill now i can get married in peace" along with a photograph of two lesbians.

35. In or about July of 2011, Defendant MOLE told Plaintiff "you look and dress like a prostitute."

36. Immediately thereafter, Plaintiff told Defendant MOLE that she did not appreciate his derogatory comments, and immediately complained to her immediate supervisor, Sergeant Dorismee, who informed Captain Lott.

37. After Plaintiff lodged her initial EEO complaint, Defendant MOLE threatened her, and scared her into withdrawing said EEO complaint against Defendant MOLE.

38. Specifically, on or about August 7, 2011, following her complaints of sexual harassment, discrimination and hostile work environment, Defendant MOLE sent Plaintiff a text-message saying "this is what happens when you fuck with sgt Mole," with a photograph

attached depicting a man, seemingly handcuffed, who was severely injured, and with his eyes badly swollen -- all appearing to be from having been beaten.

39. On or about October 24, 2011, Plaintiff filed an EEO complaint alleging gender discrimination and sexual harassment, and complained of the text-messages and memo book writings and drawings. She also complained that Defendant MOLE had put her in a "chokehold" after telling him to stop.

40. Another time, Defendant MOLE hit her on her thigh with a ruler and asked "do you fool around?"

41. Additionally, Defendant MOLE said to Plaintiff, in front of Sergeant Marchello, "P.O Perez come here and sit on Sergeant Marchello's lap."

42. After, and in spite of, her repeated complaints, Defendant MOLE continued to harass and retaliate against Plaintiff.

43. Defendant MOLE would make her do menial tasks, such as getting him drinks, and say "go get me something to drink before I give you another bag of shit."

44. In or about November 2011, Plaintiff had asked a fellow officer to "voucher" a chain taken from a prisoner. Plaintiff later found out that Defendant MOLE had prevented the officer from vouchering the chain, and instead took it himself without vouchering it. Since the chain had gone "missing" Plaintiff was questioned about it. She was going to come back to the stationhouse personally in order to voucher it, but was told that the chain was "nowhere to be found." Once Plaintiff found out that Defendant MOLE had taken it, she immediately called the Commanding Officer, who then called the precinct. Immediately thereafter the chain was "found."

45. Defendant MOLE purposely attempted to get Plaintiff into trouble by taking the chain without vouchering it. As a result, Plaintiff was threatened with discipline and interrogated by IAB.

46. However, Defendant MOLE was not disciplined as a result of this incident.

47. Defendant MOLE also made comments about Plaintiff such as "she can't go out she's on lockdown."

48. He also threatened her with a foot-post assignment, and, after working two double-shifts, caused her to be left at central booking all day.

49. Further, Defendant MOLE repeatedly put Plaintiff on "doubles" and "triples" (i.e. double and triple shifts), resulting in Plaintiff working from 7 a.m. to 1 a.m. some days. Then, after leaving at 1 a.m., Plaintiff would have to be back at work at 7 a.m. the next morning.

50. Defendant MOLE singled Plaintiff out in requiring her to constantly work double and triple shifts, and was done solely to discriminate against her and harass her. Proof positive of the foregoing is the fact that Plaintiff's overtime slips would be signed by Defendant MOLE's close buddy – since forcing her to work said schedule was in clear violation of the patrol guide and NYPD policy and procedures.

51. Despite his having been transferred to another precinct on or about March 2, 2012, Defendant MOLE continues to come to the 75th Precinct for the sole purpose of stalking Plaintiff. He will stare at Plaintiff and make comments to her, all with the purpose of stalking and harassing her, and to create a hostile work environment for her.

52. Moreover, Defendant MOLE has a history of discrimination and intolerance towards Spanish officers including officers who lodge complaints, like P.O. Jessenia Guzman.

53. All the foregoing was done solely on account of Plaintiff's gender and in retaliation for her lodging complaints. Plaintiff was subjected to constant sexual harassment, and a hostile work environment.

<u>**VIOLATIONS AND CLAIMS ALLEGED**</u>

<u>**COUNT I**</u>
**GENDER DISCRIMINATION IN VIOLATION OF**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

54. Plaintiff re-alleges paragraphs 1 through 53 and incorporates them by reference as paragraphs 1 through 53 of Count I of this Complaint.

55. Plaintiff alleges that defendant CITY through its agents engaged in a pattern and practice of discrimination against him with respect to the terms, conditions and privileges of employment because of the plaintiff's gender in violation of 42 U.S.C. § 2000e-2.

56. As a result of the acts of defendants under color of law, plaintiff suffered emotional distress, humiliation and embarrassment, medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

<u>**COUNT II**</u>
**RETALIATION IN VIOLATION OF**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

57. Plaintiff re-alleges paragraphs 1 through 56 and incorporates them by reference as paragraphs 1 through 56 of Count II of this Complaint.

58. Plaintiff alleges that defendant CITY through its agents engaged in various retaliatory actions against plaintiff as a result of her opposition to gender discrimination and as a result of her filing such complaints with defendants and the EEOC, in violation of 42 U.S.C. § 2000e-3(a).

59. That as a result of the illegal acts of Defendant CITY through its agents, plaintiff suffered depression and anxiety.

## COUNT III
## HOSTILE WORK ENVIRONMENT IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

60. Plaintiff re-alleges paragraphs 1 through 59 and incorporates them by reference as

paragraphs 1 through 59 of Count III of this Complaint.

61. Plaintiff alleges that Defendant CITY through its agents engaged in various severe and

hostile actions towards plaintiff as a result of her opposition gender discrimination and as

a result of her filing such complaints with the NEW YORK CITY POLICE

DEPARTMENT and the EEOC.

62. That as a result of the severe and hostile acts of the Defendant CITY through its agents,

plaintiff suffered depression, anxiety and loss of job opportunities.

## COUNT IV
## GENDER DISCRIMINATION IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

63. Plaintiff re-alleges paragraphs 1 through 62 and incorporates them by reference as

paragraphs 1 through 62 of Count IV of this Complaint.

64. Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT,

RAYMOND KELLY, Commissioner of the NYC Police Department, and SERGEANT

N. MOLE, under color of law, personally interfered with and deprived plaintiff of her

constitutional rights, including the rights: to enjoy freedom of speech, to petition her

government for redress of her grievances, to be secure in her person, to enjoy privacy, to

be free from deprivation of life, liberty, and property without due process of law.

65. Defendant SERGEANT N. MOLE, acting individually and in his official capacities as a

public official of defendant CITY under color of law, and having been fully advised that

plaintiff was being deprived of her constitutional rights, either acted in a concerted,

malicious intentional pattern to further discriminate against plaintiff, or knowing such

discrimination was taking place, knowingly omitted to act to protect plaintiff from

continuing deprivations of her rights to enjoy freedom of speech, to petition her

government for redress of her grievances, to be secure in her person, to enjoy privacy, to

be free from deprivation of life, liberty, and property without due process of law, all in

violation of 42 U.S.C. § 1983.

66. Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT,

RAYMOND KELLY, Commissioner of the NYC Police Department, and SERGEANT

N. MOLE, in acting to deprive plaintiff's rights, acted intentionally, knowingly,

willfully, and with gross disregard of plaintiff's rights.

67. As a result of the acts of the defendants CITY OF NEW YORK, NEW YORK CITY

POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police

Department, and SERGEANT N. MOLE, under color of law, plaintiff suffered emotional

distress, monetary damage, and incurred medical and legal expenses, and out of pocket

expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT V
## RETALIATION IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

68. Plaintiff re-alleges paragraphs 1 through 67 and incorporates them by reference as

paragraphs 1 through 67 of Count V of this Complaint.

69. Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT,

RAYMOND KELLY, Commissioner of the NYC Police Department, and SERGEANT

N. MOLE, under color of law, personally interfered with and deprived plaintiff of her

pension and constitutional rights, including the rights: to enjoy freedom of speech, to

petition her government for redress of her grievances, to be secure in her person, to enjoy

privacy, to be free from deprivation of life, liberty, and property without due process of

law.

70. Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT,

RAYMOND KELLY, Commissioner of the NYC Police Department, and SERGEANT

N. MOLE, acting individually and in their official capacities as public officials of

defendant CITY, under color of law, and having been fully advised that plaintiff was

being deprived of her constitutional rights, either acted in a concerted, malicious

intentional pattern to further discriminate against plaintiff by engaging in retaliatory acts,

or knowing such discrimination was taking place, knowingly omitted to act to protect

plaintiff from continuing deprivations of her rights to enjoy freedom of speech, to petition

her government for redress of her grievances, to be secure in her person, to enjoy privacy,

to be free from deprivation of life, liberty, and property without due process of law, all in

violation of 42 U.S.C. § 1983.

71. As a result of the acts of the defendants' under color of law, plaintiff suffered emotional

distress, monetary damage, loss of pension rights, and incurred medical and legal

expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing

the claims herein.

## COUNT VI
## HOSTILE WORK ENVIRONMENT IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

72. Plaintiff re-alleges paragraphs 1 through 71 and incorporates them by reference as

paragraphs 1 through 71 of Count VI of this Complaint.

73. Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT,

RAYMOND KELLY, Commissioner of the NYC Police Department, and SERGEANT N. MOLE, under color of law, personally interfered with and deprived plaintiff of her constitutional rights, including the rights: to enjoy freedom of speech, to petition her government for redress of her grievances, to be secure in her person, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

74. Defendants  CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, and SERGEANT N. MOLE, acting individually and in their official capacities as public officials of defendant CITY, under color of law, and having been fully advised that plaintiff was being deprived of her pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of her rights to enjoy freedom of speech, to petition her government for redress of her grievances, to be secure in her person, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

75. As a result of the acts of the defendants' under color of law, plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT VII
### GENDER DISCRIMINATION IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

76. Plaintiff re-alleges paragraphs 1 through 75 and incorporates them by reference as paragraphs 1 through 75 of Count VII of this Complaint.

77. That by the aforesaid discriminatory acts and omissions of CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, and SERGEANT N. MOLE, acting individually and in their official capacities as public officials of defendant CITY interfered with plaintiff's right to enforce contracts under the color of State Law.

78. That the purpose of Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, and SERGEANT N. MOLE, in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York including but not limited to enjoy her right to freedom of speech, to petition her government for redress of her grievances, to enjoy privacy, and deprivation of life, liberty, and property without due process of law.

79. Pursuant to their conduct, the Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, and SERGEANT N. MOLE, acted to deprive the plaintiff of her civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1981.

80. As a result of the aforesaid acts, depriving plaintiff of her civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages.

## COUNT VIII
## RETALIATION IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

81. Plaintiff re-alleges paragraphs 1 through 80 and incorporates them by reference as paragraphs 1 through 80 of Count VIII of this Complaint.

82. Plaintiff alleges that Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, and SERGEANT N. MOLE, acting individually and in their official capacities as public officials of defendant CITY, engaged in various retaliatory actions against plaintiff as a result of her opposition to race and color discrimination.

83. That the purpose of Defendants acting individually and in their official capacities as public officials of defendant CITY, in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York.

84. Pursuant to their conduct, the defendants acted to deprive the plaintiff of her civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1981.

85. As a result of the aforesaid acts, depriving plaintiff of her civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages.

## COUNT IX
## HOSTILE WORK ENVIRONMENT IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

86. Plaintiff re-alleges paragraphs 1 through 85 and incorporates them by reference as paragraphs 1 through 85 of Count IX of this Complaint.

87. Plaintiff alleges that Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, and SERGEANT N. MOLE, acting individually and in their official capacities as public officials of defendant CITY, engaged in various severe and hostile actions against plaintiff as a result of her opposition to race and color discrimination.

88. That the purpose of Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, and SERGEANT N. MOLE, in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York.

89. Pursuant to their conduct, the defendants acted to deprive the plaintiff of her civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1981.

90. As a result of the aforesaid acts, depriving plaintiff of her civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages.

## COUNT XI
## GENDER DISCRIMINATION IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

91. Plaintiff re-alleges paragraphs 1 through 90 and incorporates them by reference as paragraphs 1 through 90 of Count XI of this Complaint.

92. Plaintiff alleges that New York State Executive Law §296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon gender for having made charges of same.

93. Plaintiff alleges that based upon the foregoing, defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, and SERGEANT N. MOLE, discriminated against the Plaintiff based on her gender for having made charges of same.

94. Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, and SERGEANT N. MOLE, plaintiff has suffered the indignity of gender discrimination, and great humiliation.

Plaintiff alleges that because of defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, and SERGEANT N. MOLE's violations, Plaintiff has been damaged.

## COUNT XII
## RETALIATION IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

95. Plaintiff re-alleges paragraphs 1 through 94 and incorporates them by reference as paragraphs 1 through 94 of Count XII of this Complaint.

96. Plaintiff alleges that New York State Executive Law §296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon race, gender and color and makes it illegal to retaliate for charging same.

97. Plaintiff alleges that based upon the foregoing, defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, and SERGEANT N. MOLE discriminated against the Plaintiff based on gender and in retaliation for charging same.

98. Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, and SERGEANT N. MOLE, plaintiff has suffered the indignity of retaliation and great humiliation.

99. Plaintiff alleges that because of defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, and SERGEANT N. MOLE's violations, Plaintiff has been damaged.

## COUNT XIII
## HOSTILE WORK ENVIRONMENT IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW §296

100. Plaintiff re-alleges paragraphs 1 through 99 and incorporates them by reference as paragraphs 1 through 99 of Count XIII of this Complaint.

101. Plaintiff alleges that New York State Executive Law §296, makes it unlawful to create, condone and/or tolerate a hostile working environment based upon gender harassment, and retaliation.

102. Plaintiff alleges that based upon the foregoing, defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY,

Commissioner of the NYC Police Department, and SERGEANT N. MOLE created, condoned and tolerated a hostile working environment which negatively affected the terms and conditions of her employment.

103.    Plaintiff alleges that Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, and SERGEANT N. MOLE created, condoned and tolerated a hostile working environment which caused Plaintiff to sustain damages.

## COUNT XIV
### GENDER DISCRIMINATION IN VIOLATION OF
### NEW YORK CITY ADMINISTRATIVE CODE § 8-107

104.    Plaintiff re-alleges paragraphs 1 through 103 and incorporates them by reference as paragraphs 1 through 103 of Count XIV of this Complaint.

105.    Plaintiff alleges that New York City Administrative Code §8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon gender and makes it illegal to retaliate for charging same.

106.    Plaintiff alleges that based upon the foregoing, defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, and SERGEANT N. MOLE discriminated against the Plaintiff based upon her gender and in retaliation for charging same.

107.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, and SERGEANT N. MOLE, Plaintiff has suffered the indignity of gender discrimination, retaliation and great humiliation.

108.     Plaintiff alleges that because of defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, and SERGEANT N. MOLE's violations, Plaintiff has been damaged.

### COUNT XV
### RETALIATION IN VIOLATION OF
### NEW YORK CITY ADMINISTRATIVE CODE §8-107

109.     Plaintiff re-alleges paragraphs 1 through 108 and incorporates them by reference as paragraphs 1 through 108 of Count XV of this Complaint.

110.     Plaintiff alleges that New York City Administrative Code §8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon gender and makes it illegal to retaliate for charging same.

111.     Plaintiff alleges that based upon the foregoing, defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, and SERGEANT N. MOLE discriminated against the Plaintiff based upon her gender and in retaliation for charging same.

112.     Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, and SERGEANT N. MOLE, Plaintiff has suffered the indignity of gender discrimination, retaliation and great humiliation.

113.     Plaintiff alleges that because of defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, and SERGEANT N. MOLE's violations, Plaintiff has been damaged.

## COUNT XVI
### HOSTILE WORK ENVIRONMENT IN VIOLATION OF NEW YORK CITY ADMINISTRATIVE CODE §8-107

114.    Plaintiff re-alleges paragraphs 1 through 113 and incorporates them by reference as paragraphs 1 through 113 of Count XVI of this Complaint.

115.    Plaintiff alleges that New York City Administrative Code §8-107, makes it unlawful to create, condone or and/or tolerate a hostile working environment based upon gender discrimination, and retaliation for charging same.

116.    Plaintiff alleges that based upon the foregoing, defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, and SERGEANT N. MOLE created, condoned and/or tolerated a hostile working environment which negatively affected the terms and conditions of her employment.

117.    Plaintiff alleges that defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, Commissioner of the NYC Police Department, and SERGEANT N. MOLE's violations caused Plaintiff to sustain damages.

### JURY TRIAL

118.    Plaintiff demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands compensatory and punitive damages from these Defendants jointly and severally, in an amount to be determined at trial, plus any available statutory remedies, both legal and equitable, and interests and costs.

Dated: August 27, 2013
      Lake Success, New York

                                Yours, etc.,

                                **CRONIN & BYCZEK, LLP**
                                *Attorneys for Plaintiff*

          BY:

                                  Moshe C. Bobker
                                  1983 Marcus Avenue, Suite C-120
                                  Lake Success, New York 11042
                                  (516) 358-1700

**EXHIBIT A**



**U.S. Department of Justice**

Civil Rights Division

NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
2018 9003

950 Pennsylvania Avenue, N.W.
Karen Ferguson , EMP, PHB, Room 4239
Washington, DC 20530

May 23, 2013

Anais Perez-Villegas
c/o Linda M. Cronin, Esquire
Law Offices of Cronin & Byczek
1983 Marcus Ave., Suite C-120
Lake Success, NY  11042

Re:  EEOC Charge Against New York City Police Department
     No. 520201200985

Dear Mr. Perez-Villegas:

     Because you filed the above charge with the Equal Employment
Opportunity Commission, and more than 180 days have elapsed since the date
the Commission assumed jurisdiction over the charge, and no suit based
thereon has been filed by this Department, and because you through your
attorney have specifically requested this Notice, you are hereby notified
that you have the right to institute a civil action under Title VII of the
Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against
the above-named respondent.

     If you choose to commence a civil action, such suit must be filed in
the appropriate Court within 90 days of your receipt of this Notice.

     The investigative file pertaining to your case is located in the EEOC
New York District Office, New York, NY.

     This Notice should not be taken to mean that the Department of
Justice has made a judgment as to whether or not your case is meritorious.

                              Sincerely,

                         Thomas E. Perez
                     Assistant Attorney General
                       Civil Rights Division

             by

                       Karen L. Ferguson
                  Supervisory Civil Rights Analyst
                  Employment Litigation Section

cc: New York District Office, EEOC
     New York City Police Department